UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW JONES, )<br>  )<br>         Plaintiff, )<br>  )   Civil Action No. 1:24-cv-00353 (UNA)<br>v. )<br>  )<br>CENTRAL DISTRICT STATION, )<br>  )<br>         Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review of the plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff alleges that he has been "anally raped more than 1000 times by State and local police officers, family members, firemen, teachers, coaches, and guardians in [his] 37 year lifetime." Compl. at 5. In furtherance he claims to have been "raped fatally," and revived with "medicine . . . taken from a 250 year old or older tree[.]" *See id*. He further alleges that, "[o]ver time, to recover from the anal rape, [he has] needed medicines for diabetes, heart disease, seizures,

internal bleeding, obesity, the influenza, pneumonia, bronchitis, the common cold, and sexually transmitted diseases." *Id*.  The complaint also touches on a hodgepodge of disconnected topics, including, but not limited to: the duties of the three branches of government, *see id.* at 3–4, false teeth, *see id*. at 4, the television show, "Friends," *see id*., and plaintiff's prior lawsuits, *see id*. at 6–9.  As compensation for alleged violations of constitutionally protected rights and defendant's alleged negligence, plaintiff demands an award of $920 million.  *See id.* at 9–12.

This court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Consequently, the court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint falls squarely into this category.  In addition to failing to state a claim for relief or establish this court's jurisdiction, the complaint is frivolous on its face.

Accordingly, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: April 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge